EDWARDS, J.
■ Mid-Continent Casualty Company (“MCC”) appeals-'the trial' court’s final judgment -in favor of James and Angeline Treace (“the Treaces”) which' determined that the damages awarded to the Treaces in a prior construction défect action were *12 recoverable under MCC’s commercial general liability (“CGL”) policy. The Treaces successfully sued the contractor that built their home for the cost to access and repair water damage caused by faulty construction. The jury in the construction defect trial awarded the Treaces $810,280 in damages. The judge in the construction defect case awarded attorney’s fees and costs in the amount of $397,076 in favor of the Treaces.
The Treaces then pursued a garnishment proceeding against MCC to collect under the CGL policy which MCC had issued to the Treaces’ contractor. Without further discussion, we affirm that portion of the trial court’s judgment which found the damages awarded for the cost to access and repair the water damage were covered by MCC’s policy. However, we reverse the portion of the judgment finding that the attorney’s fees awarded against the contractor were not covered by MCC’s CGL policy.
During the garnishment proceeding and on cross-appeal, the Treaces rely upon the CGL supplementary payment provision that provides MCC will pay, “with respect to any claim [it] investigate^] or settle[s], or any ‘suit’ against an insured [it] defend[s] ... all costs taxed against the insured in the ‘suit.’” In Geico General Insurance Co. v. Hollingsworth, 157 So.3d. 365, 367-68 (Fla. 5th DCA 2015), we considered a similar provision and concluded that it provided coverage for - attorney s fees awarded against a defendant based upon a rejected proposal for settlement. In Hollingsworth, the relevant portion of the policy stated in the “Additional Payments” section that Geico would pay “[a]ll court costs charged to an insured in a covered lawsuit.” 157 So.3d at 366. That same policy provision was previously dealt with by the Third District in Geico General Insurance Co. v. Rodriguez, 155 So.3d 1163 (Fla. 3d DCA 2014). Both courts concluded that “all court costs” could be read to include attorney’s fees, especially since there was no definition of that term in the policy. Rodriguez, 155 So.3d at 1172; see also Hollingsworth, 157 So.3d at 367-68. Both courts noted that the insurer did not, but could have,.defined “court costs” to specifically exclude attorney’s fees. Rodriguez, 155 So.3d at 1172; see also Hollingsworth, 157 So.3d at 368.
Given that the policy provision in the instant case is substantially similar to the Geico provision interpreted in Hollings-worth and Rodfiguez, we find .that the award of attorneys fees in favor of the Treaces and against the insured contractor is covered under the supplementary payment provisions of MCC’s policy. Thus, the trial court erred in denying the Treaces’ claim for recovery of attorney’s fees against MCC in the garnishment proceeding. We reverse and remand for entry of a judgment against MCC, awarding the Treaces the full amount of the attorneys fees and costs awarded against their contractor in the construction defect suit.
AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH INSTRUCTIONS.
ORFINGER and' COHEN, JJ., concur.